```
David R. Flood
915 L. St. 292
Sacramento, CA. 95814
Telephone (916) 607-6197
```

**FILED**

MAR 18 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RODERICK FLOOD, an individual, on behalf of himself, the state of California and all others similarly situated therein

    Plaintiff

vs.

NATIONAL FOOTBALL LEAGUE
NFL OWNERS
OAKLAND RAIDERS
NFL PROPERTIES
NFL FILMS
REEBOK INC.

    Defendants

Case No. 208CV0091

Judge: _____

Dept. _____

**AMENDMENT OF PLEADINGS AS A MATTER OF COURSE FEDERAL RULE 15 (A)**
(CORRECT AMENDMENT OF PLEADING TO CORRECT PLEADING BY CONSENT FILED 3/10/08)
MOTION FOR CONCURRENT FEDERAL LIEN ORDER

1. The title of the cause in the complaint, on the records and elsewhere be amended as to the designation of the plaintiff so as to read as follows:

2. The complaint of DAVID RODERICK FLOOD may be considered to have been amended as of the date of filing by the addition of the following:

1

PAGE 3 LINE 22: The probability of a future economic benefit was disseminated with fraudulent intent to professional football fans/consumers of the state of California and the 50 other states in North America that lost professional football franchises as a result of illegal franchise relocations to other geographic locations in the United States.

PAGE 5 LINE 20: When the Oakland Raiders decided to relocate to Southern California in 1982.

PAGE 61 PRAYER FOR RELIEF NUMBER 1 CONTINUING: Following defendant NFL team owners' illegal team movements beginning in 1971 to the irreparable harm of the plaintiff/plaintiff class—people of the state of California—the plaintiff representing himself and the "class" hereby motions the court to grant the plaintiff three concurrent federal lien orders on the National Football League to stop the distribution of player salaries to affect 1.) FREE AGENTS; 2.) ROOKIE COLLEGE DRAFT PICKS; and 3.) VETERANS who collectively ARE THE PROPERTY OF THE FRANCHISE TEAMS UNDER CONTRACT. This concurrent federal lien order would go into effect only to franchise teams that moved illegally in defiance of the precepts spoken to members of Congress in 1966 by the National Football League commissioner then, Pete Rozelle, and apply to the following NFL teams: The St. Louis Rams—formerly the Los Angeles Rams; Oakland Raiders—formerly the Los Angeles Raiders; Indianapolis Colts—formerly the Baltimore Colts; Tennessee Titans—formerly the Houston Oilers; Phoenix Cardinals—formerly the St. Louis Cardinals; New York Giants; and the New York Jets. Under Article XIV of the National Football League Player Associations collective bargaining agreement (PLAYER CONTRACTS), the NFL commissioner has the right to approve or disapprove player contracts. In the case of this civil action, the plaintiff/plaintiff class believe that it exigent that the court apply the most effective statutes to be administered upon the defendants in order to bring about swift/complete justice, closure, and the fair indemnification of the plaintiffs for which they (PRIOR TO THIS CIVIL SUIT AND MOTION FOR A CONCURRENT FEDERAL LIEN

ORDER), had no voice at all (See page 14 of civil brief line 28) in approving or disapproving franchise movements that were spoken under oath TO MEMBERS OF THE UNITED STATES CONGRESS BY THE NATIONAL FOOTBALL LEAGUE said would never happen. ...Plaintiff representative requests for the order of this motion to be granted by the court on behalf of the "plaintiff class" and himself. The Plaintiff motions for this order to go immediately into effect at 12:00 a.m. on APRIL 1, 2008 (Pacific Standard Time), or anytime thereafter before the 2008 National Football League Draft April 26-28 2008, and continue until the National Football League settles with the plaintiff/plaintiffs of the existing fraudulent advertising/deceptive (defacto secondary meaning trademark) claim the League condoned in disregarding quality control of their trademarks, goodwill, and honest dealings with their consumers and the non-sport public, concerning their business practices and ethics that were hidden through self concealed deeds from the American public.

PRAYER FOR RELIEF NUMBER II:

Restitution for the "plaintiff class"/state of California for pain and suffering, mental anguish, and irreparable harm in the form of compensatory damages, and treble damages for $4.5 billion U.S. dollars for all counts herein alleged and proven by the court against the defendants. Restitution to the plaintiff/representative for pain and suffering, mental anguish, fraudulent advertising, and irreparable harm in the form of punitive damages, and disgorgement of profits in the form of $750 million U.S. dollars, cost of attorney fees, pre-judgement and post-judgement interest at the maximum legal rate, and such other relief as the court deems just and appropriate for all complaints and counts discovered in federal court for the Eastern District of California against the defendants in this civil suit.

3

PRAYER FOR RELIEF NUMBER IV. CONTINUED:

A MASTER SETTLEMENT AGREEMENT with the National Football League and Plaintiff representative—representing the "plaintiff class," people of the state of California—will be to agree upon, because of the continued absence of a National Football League franchise in the United States 2nd largest market for sports—Los Angeles, California the League has openly led the "plaintiff class" to believe that a new franchise team would be placed there—would be to SEPARATE THE ANNUAL NFL COMBINE designation—Indianapolis, Indiana—and create another combine on the West Coast comprised of NFC WEST AND AFC WESTERN CONFERENCE probable picks to be in place at a California State University location where the plaintiff representative resides. The annual Pro Bowl meanwhile, will be held in Southern California—the Coliseum—located in Los Angeles, California annually where the League has for years procrastinated on building a new stadium there for professional football. To bring about the healing process for the plaintiff/"plaintiff class," team players from franchises affected from the illegal franchise movements on the West Coast (the Oakland franchise), will conduct free public service commercials with the Nike Corporation, which the plaintiff representative is tentatively in the process of setting up. The League will also conduct a formal review of placing either an existing franchise in the geographic location where the plaintiff resides or a new franchise. All merchandise/marketing affiliations with Reebok Incorporated, named in this civil suit will cease.

Dated March 8, 2008          Respectfully submitted,

By /s/ David R. Flood
David R. Flood

4