IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RODERICK FLOOD,

        Plaintiff,                        No. CIV S-08-0091 GEB JFM PS

    vs.

NATIONAL FOOTBALL LEAGUE, et al.,

        Defendants.                 ORDER

_____/

        Plaintiff is proceeding pro se. On February 25, 2008, plaintiff was directed to pay the required filing fee. On March 13, 2008, plaintiff paid the filing fee.

        On March 10, 2008, plaintiff filed a document entitled "Amendment of Pleadings By Consent." On March 18, 2008, plaintiff filed a document entitled "Amendment of Pleadings As a Matter of Course." It appears plaintiff is attempting to amend the complaint pursuant to Fed. R. Civ. P. 15(a).

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is

1

filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local Rule 15-220. Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Neither of the amendments submitted by plaintiff are complete amended complaints but attempt to interlineate changes to the original complaint. Plaintiff is advised that amended complaints must be complete in and of themselves. Good cause appearing, the amendments submitted on March 10 and March 18, 2008, will be placed in the court file and disregarded. The original complaint will be dismissed, and plaintiff will be provided an opportunity to file an amended complaint that includes all of his allegations in one document.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On January 14, 2008, plaintiff filed a motion to certify the class. It appears plaintiff is attempting to bring this action as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the

interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's January 14, 2008 motion to certify class is denied without prejudice.

DATED: March 31, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; flood.scr