IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RODERICK FLOOD,

    Plaintiff,                No. CIV S-08-0091 GEB JFM PS

  vs.

NATIONAL FOOTBALL LEAGUE, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se.  On October 21, 2008, plaintiff filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  However, plaintiff's motion does not comply with this court's Local Rules or with Fed. R. Civ. P. 56.  Plaintiff failed to provide a statement of undisputed facts as required by Local Rule 56-260(a).  Plaintiff failed to notice the motion for hearing pursuant to Local Rule 78-230.

        Plaintiff also failed to append a certificate of service attesting to service of a copy of the motion on defendants or their counsel.  Plaintiff is advised that every document submitted to the court for consideration must be served on defendants.  Fed. R. Civ. P. 5.  Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant

1

provisions of Fed. R. Civ. P. 5.  See Local Rule 5-135(b).  Now that an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant.  Fed. R. Civ. P. 5(b)(1).  Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. See Fed. R. Civ. P. 5(b)(2)(B).  Plaintiff must include with every document filed in this action  a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed.  See Local Rule 5-135(b) and (c).

Moreover, plaintiff may not simply rely on his amended complaint or previously denied ex parte requests for temporary restraining orders when pursuing a motion for summary judgment.  Plaintiff must comply with Local Rule 56-260 and "enumerate discretely each of the specific material facts relied upon in support of the motion."  (Id.)

In light of the above defects, plaintiff's motion for summary judgment will be denied without prejudice to its renewal.  However, in light of the pending motion to dismiss, plaintiff shall refrain from renewing his motion for summary judgment until the motion to dismiss is resolved.  The November 6, 2008 status conference will be vacated pending resolution of the motion to dismiss.

Plaintiff is reminded of his obligation to file an opposition to the motion to dismiss no later than fourteen days prior to the November 20, 2008 hearing.  Local Rule 230(c). Failure to timely file an opposition may result in a recommendation that the motion to dismiss be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 21, 2008 motion for summary judgment (docket no. 25) is dismissed without prejudice; plaintiff shall not renew his motion for summary judgment until after defendants' motion to dismiss is resolved.

2. Plaintiff shall file an opposition to the motion to dismiss no later than fourteen days prior to the November 20, 2008 hearing.

3.  The November 6, 2008 status conference is vacated.

DATED: October 29, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; flood.pro