1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID RODERICK FLOOD,

11            Plaintiff,                    No. 2:08-cv-0091 GEB JFM PS

12        vs.

13   NATIONAL FOOTBALL LEAGUE,
     et al.,
14
              Defendants.                   FINDINGS AND RECOMMENDATIONS
15   _____/

16            Defendants' motion to dismiss came on regularly for hearing November 30, 2008.

17   Plaintiff appeared in propria person.  Sujal J. Shah appeared for defendants.  Upon review of the

18   motion and the documents in support and opposition, upon hearing the arguments of plaintiff and

19   counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

20            On November 5, 2008, plaintiff filed a motion to strike defendants' motion to

21   dismiss and seeks leave to file a second amended complaint.  Plaintiff contends that defendants

22   should have filed an answer rather than a motion to dismiss and argues that because the motion

23   to dismiss is not a responsive pleading, he should be allowed to file a second amended

24   complaint.

25            However, plaintiff is incorrect.  Because the motion to dismiss is not a pleading,

26   Fed. R. Civ. P. 7(a), plaintiff may not move to strike the motion.  Natural Resources Def. Council

1

1  v. Kempthorne, 539 F.Supp.2d 1155, 1161-62 (E.D. Cal. 2008)("[a] motion to strike is limited to

2  pleadings.")  Moreover, even if it were an appropriate motion, it fails on the merits.  Defendants

3  are allowed, under the Federal Rules of Civil Procedure, to file a motion to dismiss rather than an

4  answer.  Fed. R. Civ. P. 12(b)(6).

5        In addition, although the Federal Rules of Civil Procedure provide that a party

6  may amend his or her pleading "once as a matter of course at any time before a responsive

7  pleading is served,"  Fed. R. Civ. P. 15(a), plaintiff amended as a matter of right on March 10,

8  2008 (Docket No. 6) and March 18, 2008 (Docket No. 7).  In addition, plaintiff filed a motion to

9  amend on May 1, 2008, which the court granted, and this action is proceeding on plaintiff's

10  amended complaint filed June 27, 2008.  (Docket No. 13.)  Plaintiff has thus received three

11  separate opportunities in which to amend his complaint.

12        The court turns now to defendants' motion to dismiss.  Defendants National

13  Football League ("NFL"), New York Giants (the "Giants"), NFL Properties LLC, NFL Films,

14  Inc., and Reebok International Ltd.'s ("defendants") filed a motion to dismiss plaintiff's amended

15  complaint pursuant to Fed. R. Civ. P. 12(b)(6) and argue that because plaintiff has already

16  amended his complaint on three occasions, his June 27, 2008 amended complaint should be

17  dismissed without leave to amend.

18        Plaintiff's antitrust claims are based on alleged public acts taken by defendants

19  thirty to forty years ago, and are therefore time-barred.  Plaintiff has also failed to state a

20  cognizable claim under antitrust law, as he failed to allege that he suffered antitrust injury.  Am.

21  Ad Mgmt., Inc., v. Gen. Tel. Co., 190 F.3d 1051, 1055 (9th Cir. 1999).  Moreover, plaintiff's

22  antitrust claims are also based on alleged conduct by defendants and upon alleged statements to

23  Congress that cannot give rise to antitrust liability.  Plaintiff's reliance on the *Noerr-Pennington*

24  Doctrine is unavailing.  The *Noerr-Pennington* doctrine protects any private party, including

25  unincorporated associations like the NFL, from antitrust liability for statements made before

26  Congress.  See, e.g., Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S.

2

127 145 (1961)(association of railroad presidents, among others, had immunity from the antitrust laws for a publicity campaign designed to influence legislation).  Plaintiff's citation to <u>Kottle v. Northwest Kidney Centers</u>, 146 F.3d 1056, 1059 n.3 (9th Cir. 1998) is inapposite.  The <u>Kottle</u> court stated that "the *Noerr-Pennington* doctrine does not protect lobbying efforts directed at private organizations."  <u>Id.</u>

Plaintiff's claims under the Federal Trade Commission Act also fail because that Act confers no private right of action.  <u>Holloway v. Bristol-Myers Corp.</u>, 485 F.2d 986, 988-89 (D.C. Cir. 1973)("The Act nowhere purports to confer upon private individuals, either consumers or business competitors, a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts."); <u>Carlson v. Coca-Cola Co.</u>, 483 F.2d 279, 280 (9th Cir. 1973)("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission.")

Plaintiff has failed to allege that Reebok committed any antitrust or Federal Trade Commission Act violations or that it was in some way connected to plaintiff's other allegations concerning Commissioner Rozelle's statements or the relocations of the Giants.  Thus, plaintiff's claims against Reebok fail as well.

Plaintiff has failed to state cognizable claims under the Lanham Act.  Plaintiff does not have standing to bring the claims for cancellation, <u>Star-Kist Foods, Inc. v. P.J. Rhodes & Co.</u>, 735 F.2d 346, 349 (9th Cir. 1984), damages for fraudulent registration, <u>Jackson v. Lynley Designs, Inc.</u>, 729 F.Supp. 498, 500 (E.D. La. 1990), or false advertising, <u>Barrus v. Sylvania</u>, 55 F.3d 468, 469 (9th Cir. 1995).  Plaintiff has also failed to state facts sufficient to make out these claims.  Moreover, as alleged by plaintiff, the Oakland Raider trademark has been in use for over forty years, and plaintiff's damages claim for fraudulent registration is therefore time-barred.

/////

/////

/////

Plaintiff's state law claims fail for the following reasons:

a)  All of plaintiff's state law claims are time barred;[1]

b)  Plaintiff fails to plead the state law fraud claims with sufficient particularity, Agosta v. Astor, 120 Cal.App.4th 596, 603 (2004); and

c)  Defendants' alleged actions are not the type of conduct that can give rise to claims for intentional[2] or negligent infliction of emotional distress, Quezada v. Hart, 67 Cal.App.3d 754, 762 (1977).

Plaintiff's proposed claim under the Racketeer Influenced and Corrupt Organization Act ("RICO") based on the relocation by the New York Giants from 1973-76 fails as well. Plaintiff's reliance on the "injury discovery" rule, based on Rotella v. Wood, 528 U.S. 549 (2000), is unavailing. A civil RICO action arises "when the plaintiff knows or should have known" that he has been injured. Grimmett v. Brown, 75 F.3d 506, 512 (9th Cir. 1996). Here,

---

[1] Common law fraud claims must be brought within three years, which begins upon "the discovery, by the aggrieved party, of the facts constituting the fraud." Cal. Code Civ. Proc. § 338(d)(West 2008). A "cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim. . . . It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action." Gutierrez v. Mofid, 39 Cal.3d 892, 897-98 (1985). In order to gain benefit of the discovery rule, "plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 809 (2005). Plaintiff admits he was aware of the underlying actions upon which his allegations are based as early as the 1970's. Thus, these claims are time-barred as well.

[2] Plaintiff must demonstrate "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." Cervantez v. J.C. Penney Co., 24 Cal.3d 579, 593 (1979). "Outrageous conduct" is defined as "conduct that is so extreme as to exceed all bounds of that usually tolerated in a civilized community . . . and so extreme and outrageous as to go beyond all possible bo[u]nds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Bogard v. Employers' Casualty Co., 164 Cal.App.3d 602, 616 (1985)(citations omitted). Because the Ninth Circuit has already found that the NFL may not unreasonably restrain the relocation of NFL member clubs, such conduct cannot be outrageous as defined under California law. See L.A. Mem'l Coliseum Comm'n. v. National Football League, 726 F.2d 1381 (9th Cir. 1986).

plaintiff alleges he suffered emotional distress at the time of those moves (complt. at 14), and admits he was aware of the underlying acts in the 1970's:  "The plaintiff's 'sensory injury' which occurred in the 1970's of  [*sic*] what he sensed was illegal activity."  (November 5, 2008 Motion at 3.)  The statute of limitations for RICO claims is four years.  <u>See</u> <u>Agency Holding Corp. v. Malley-Duff & Assoc., Inc.</u>, 483 U.S. 143, 146 (1987); <u>Pincay v. Andrews</u>, 238 F.3d 1106, 1108 (9th Cir. 2000).  Thus, plaintiff's proposed RICO claims are also time-barred.

Plaintiff has failed after three attempts to amend his complaint to establish jurisdiction, causation, or a violation of his federal rights.  Given the stale nature of the underlying actions upon which plaintiff's claims are based, further leave to amend would be futile.  This action should be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's November 5, 2008 motion to strike (docket no. 32) is denied; and

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's November 5, 2008 motion to amend (docket no. 32) be denied; and

2.  Defendants' October 23, 2008 motion to dismiss (docket no. 26) be granted and the above-captioned action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

/////
////
/////
/////
/////

1    failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  November 20, 2008.

4

5                                            _____

6                                            UNITED STATES MAGISTRATE JUDGE

7    /001; flood.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26